United States Court of Appeals
Fifth Circuit

**FILED**
December 5, 2011

Lyle W. Cayce
Clerk

# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 10-50829
Summary Calendar

D.C. Docket No. 7:09-CR-211-1

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

CHARLES EDWARD CURRY,

    Defendant - Appellant

**FILED**

JAN 03 2012

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY CLERK

Appeal from the United States District Court for the
Western District of Texas, Midland Odessa

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

ISSUED AS MANDATE: DEC 28 2011

A True Copy
Attest

Clerk, U.S. Court of Appeals, Fifth Circuit
By: _____
      Deputy

New Orleans, Louisiana   DEC 28 2011

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
December 5, 2011

Lyle W. Cayce
Clerk

No. 10-50829
Summary Calendar

UNITED STATES OF AMERICA,

          Plaintiff-Appellee

v.

CHARLES EDWARD CURRY,

          Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:09-CR-211-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

    Charles Edward Curry was convicted of four counts of wire fraud and four counts of aggravated identity theft and was sentenced to serve 126 months in prison and a three-year term of supervised release. In this direct appeal, Curry first argues that his rights under the Confrontation Clause were infringed when one of the victims of his offenses was not called to testify at trial and by certain testimony of that victim's sister. These arguments, which are reviewed for plain error only due to his failure to present them to the district court, are unavailing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*See United States v. Acosta*, 475 F.3d 677, 680-81 (5th Cir. 2007). Curry's argument with respect to the victim is misplaced because "there is no constitutional right to confront the victim of a crime." *See United States v. Santos*, 589 F.3d 759, 763 n.2 (5th Cir. 2009). His challenge to certain attestations fails because he has not shown that the disputed testimony is best classed as a testimonial statement. Rather, this attestation concerns a statement that may fairly be considered "a casual remark to an acquaintance," and there is no indication that it was meant to "bear testimony" against Curry. *See Ramirez v. Dretke*, 398 F.3d 691, 695 n.3 (2005).

Next, Curry argues that the evidence does not support his conviction on the charges involving the non-testifying victim because there was no evidence to show that this victim did not authorize Curry to take the actions underlying the disputed charges. Although there was no direct testimony concerning this issue, the evidence brought forth at trial, when viewed in support of the judgment, suffices to make the required showing, and the jury's verdict is supported by a reasonable construction of the trial evidence. *See United States v. Stephens*, 571 F.3d 401, 404 (5th Cir. 2009); *United States v. Guerra-Marez*, 928 F.2d 655, 674 (5th Cir. 1991).

Finally, Curry relies upon Federal Rules of Evidence 403 and 404(b) to argue that reversible error resulted from the admission of evidence pertaining to his prior crimes. Our review of the record refutes this argument and shows no abuse of discretion in connection with the district court's ruling. The evidence of Curry's prior convictions was relevant, and any prejudicial effect was minimized by the district court's instructions to the jury. *See United States v. Pompa*, 434 F.3d 800, 805 (5th Cir. 2005); *United States v. Taylor*, 210 F.3d 311, 318 (5th Cir. 2000).

AFFIRMED.